UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDEN COLNARIC, | Case No. 1:24-cv-00383-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| STATE OF IDAHO, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Branden Colnaric's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Colnaric's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Colnaric's Complaint to ensure it meets the minimum required standards discussed below. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court DENIES Colnaric's application to proceed in forma pauperis. Additionally, after a review of the Complaint, the Court must DISMISS the case WITHOUT PREJUDICE. It will, however, allow Colnaric an opportunity to remedy the shortcomings in both his Application and Complaint.

## II. BACKGROUND

Colnaric is suing the State of Idaho for alleged violations of his constitutional rights.

MEMORANDUM DECISION AND ORDER - 1

*See generally,* Dkt. 2. He alleges that he became the speculative center of attention by law enforcement in Ada and Canyon counties, resulting in work termination and subsequent job rejections. Colnaric seeks to proceed in forma pauperis, citing his unemployment and pointing to repeated job rejections as evidence of his inability to obtain employment (and obtain funds) at this time. Dkt. 1.

### III. LEGAL STANDARD

#### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

#### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not

MEMORANDUM DECISION AND ORDER - 2

just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

The Court has reviewed Colnaric's Application and finds that it lacks the "particularity, definiteness, and certainty" required to establish his poverty. Colnaric utilized the Administrative Office of the Court's generic in forma pauperis form, but he provided such sparse information that there is almost no insight into his actual financial situation. Dkt. 1, at 2–4. The only income Colnaric claims is $125 in child support and

$600 in disability, totaling $725 per month. *Id*. at 2. He claims that he has $0 in his bank account, no assets, and no outstanding debts owed to him. *Id*. at 3. On the other hand, Colnaric claims expenses totaling $1,525 a month ($800 in food, $75 in clothing, $250 in transportation, and $400 in recreation, entertainment, newspapers, magazines, etc.). *Id*. at 4.

The Court has serious concerns about the veracity of Colnaric's application due to its sheer impracticability, which has left the Court with more questions than answers. With no income, other than $125 in child support and $600 in disability, Colnaric is living in a deficit of $800 every month with no indication on how he meets such a deficit. He lists $0 in monthly rent expenses but also does not receive any public assistance. Put bluntly, it is unclear how Colnaric is surviving when he accumulates $1,525 in bills each month, not including basic necessities of life such as housing, without any kind of income or assistance.

The Court does not mean to be insensitive to Colnaric's circumstances. But without more information clarifying what support Colnaric has received, it is unable to grant his request to proceed in forma pauperis at this time. That said, the Court will afford Colnaric the opportunity to amend his application to provide a more complete and accurate representation of his financial circumstances. If Colnaric chooses to file an amended application, he should directly address the Court's concerns above. In particular, he should provide a complete explanation regarding the financial means he uses to fulfill his basic needs. Until such a time, Colnaric's Application is DENIED.

MEMORANDUM DECISION AND ORDER - 4

### B. Sufficiency of Complaint

Colnaric used an Administrative Office of the Courts civil cover sheet and Pro Se Complaint for a Civil Case to file his Complaint against State of Idaho. Dkt. 2. Therein, Colnaric relies on Article 4, 5, and 6 of the U.S. Constitution for his cause of action and as the basis for federal jurisdiction. On his civil cover sheet, he has marked "other civil rights" as the nature of his suit. Dkt. 2-1. The selection seems to revolve around his allegation that the actions of law enforcement officers within Ada and Canyon County made him the "speculative center of attention" leading to his termination and subsequent employment rejections. Dkt. 2, at 7.

The Court finds that Colnaric's Complaint fails to state a claim upon which relief can be granted because it does not contain any detailed facts illustrating a plausible cause of action. Colnaric failed to provide information regarding what the police departments in Ada and Canyon County did to influence the circumstances surrounding his termination or his inability to find employment. While he claims the police departments harassed him and deprived him of work opportunities, he fails to provide any details about events that would constitute a violation of the U.S. Constitution. Colnaric concludes by asking the Court to "investigate" his allegations to determine their plausibility. Dkt. 2, at 8. But it is not the Court's responsibility to investigate generalized and unsubstantiated grievances; it is Colonaric's responsibility to provide facts and specific legal claims the Court can review for plausibility.

Some two months after his initial filings, Colnaric filed a Motion stating he was recently charged in Ada County with a misdemeanor: "injury to child." Dkt. 4, at 1. It is

MEMORANDUM DECISION AND ORDER - 5

unclear why this is relevant to his other claims in this case. Colnaric notes the charge

"seemed retaliatory or subversive in nature" but he doesn't ask the Court to do anything

per se. *Id*. Regardless, the Court cannot take a position on state court criminal matters due

to the *Rooker-Feldman* doctrine[1] and the *Heck v. Humphrey* doctrine.[2]

Without more details about what allegedly transpired between Colnaric and the

police departments in Ada and Canyon County, the Court cannot analyze whether there has

been a plausible violation of the U.S. Constitution. The Court finds that Colnaric has not

provided anything beyond vague and conclusory statements about specious facts—let

alone any recognized causes of action—which cannot suffice at this stage. *Iqbal*, 556 U.S.

at 678.

That being said, the Court finds that amending the Complaint to include facts

supporting a plausible violation of the U.S. Constitution may remedy its deficiencies. As

such, the Court will provide an opportunity for Colnaric to amend the Complaint and

include those facts, should they exist. *See Jackson*, 353 F.3d at 758.

### V. CONCLUSION

Colnaric has not sufficiently proved his indigency and the Court will not waive the

---

[1] The *Rooker–Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512, U.S. 997, 1005–06 (1994)). The Court does not know the status of Colnaric's state court proceedings, but it cannot "preside" over them in any way.

[2] Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994)—and its progeny—the Court cannot question the validity of state criminal proceedings or convictions absent unusual circumstances. Again, the Court does not know whether Colnaric has been convicted on the misdemeanor charge or whether he is trying to challenge it here. Either way, the Court cannot weigh in on that matter at this time.

MEMORANDUM DECISION AND ORDER - 6

filing fee in this case. He may submit a more complete application, however, and the Court will reconsider. Additionally, the Court finds that Colnaric's Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Colnaric may amend his Complaint and refile if he so chooses.

## VI. ORDER

1. Colnaric's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. The Court grants Colnaric leave to file a more complete application. Any such application must be filed within thirty (30) days of the date of this Order.

2. Colnaric's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Colnaric leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Colnaric must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit an updated In Forma Pauperis application OR file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4. Colnaric's "Motion" (Dkt. 4) is DISMISSED.

DATED: January 27, 2025

David C. Nye
Chief U.S. District Court Judge